## JOSEPH A. BOONE *v.* M. P. CLARKSON.

**Statute of Limitations—Promise to Settle Mutual Accounts—Instructions.**

In a suit on account, where the plea of limitations is filed with the answer, a refusal of the court to give an instruction for the defendant, that a promise to settle mutual subsisting accounts or an acknowledgement that he did not dispute plaintiffs account but that he had a larger account against him, was not such an acknowledgement as would take the accounts of the plaintiff out of the Statute of Limitations, is held to be erroneous

**Same—Express Acknowledgment of the Debt.**

In order to take a case out of the Statute of Limitations an express acknowledgment of the debt, as a debt due at that time (coupled with the original consideration), or an express promise to pay it, must be proved to have been made within the time prescribed by the statute.

**Same.**

This rule should never be extended beyond its letter, and therefore none but an express acknowledgment of the subsistence of the debt, from which it may be reasonably inferred that the party making it, intends to pay the debt, will be sufficient.

**Exceptions to Instructions—When Must be Made.**

Unless an objection be made to an instruction, when it is offered, it cannot avail an appeal, though an exception be taken to the ruling of the court when the instruction was given.

**Evidence—Jury to Determine its Weight—Peremptory Instruction.**

Evidence introduced by a defendant tending to prove an indebtedness of the plaintiff on the accounts relied on as set-offs should be submitted to the jury, that they may detrmine what parts, if any, or how

much of the accounts had been proved, and not by a peremptory
instruction limit the credits to the admissions in the reply.

Limitation of Actions—Set-off and Cross Petition.

A set-off being a substitute for a cross petition ,and as to the time
the statute began to run, must be treated as brought simultaneously
with the original action.

APPEAL FROM GRAYSON CIRCUIT COURT.

October 10, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee brought three actions agains appellant, one for mer-
chandise sold by himself, and two others as the surviving partner
of two firms for goods and wares sold him.

To all three of which appellee pleaded the limitation of twelve
months, the limitation of five years, and an account as a set-off;
and in appllee's reply he relied on the statute of limitations as a
bar to the set-off.

The three actions were consolidated and heard together, and re-
sulted in a judgment against appellee in one, and judgments in
favor of him in the two other actions, and of these two judgments
against him appellant complains.

The first, and most serious difficulty in sustaining the judg-
ments, grows out of the refusal of the court to instruct the jury
as asked by appellant in instruction *No. 6.* In the following lan-
guage: "That a promise to settle mutual subsisting accounts, is no
such promise as above indicated, nor is an acknowledgement that
he did not dispute Clarkson's account, but that he had 'a larger
account against Clarkson, such an acknowledgement as would
take the accounts or demands of plaintiff out of the statute of limi-
tations."

In Bell vs. Rowland's Admr. Hardin 301, the rule was laid
down which had been adhered to ever since in this state, and must
govern in this case, which is "that in order to take a case out of
the statute of limitations, an express acknowledgement of the debt,
as a debt due at that time (coupled with the original consideration)
or an express promise to pay it must be proved to have been made
with the time prescribed by the statute."

This rule was recognized as the true doctrine on the subject in
the later case of *Head's Exr., &c., vs. Manner's Admr.* B *J. J.*

*Mar. 255,* in a well considered opinion after a review of the authorities on the subject, and the court said in the case *supra.* "This rule has however been *strictly* applied." It has never been extended, and never should be extended beyond its letter, and therefore, none but an express acknowledgment of the subsistence of the debt, from which it may be reasonably inferred that the party making it, intends to pay the debt will be sufficient.

In view of Heston's statements, which was the only evidence on the subject of an acknowledgment within the limited time, the instruction should have been given.

It does not appear that when appellee asked the instruction given at his instance, that appellant objected to it, and therefore, although an exception was taken to the ruling of the court when said instruction was given, still as the objection was not made in the first instance the error in that instruction could not be made available for reversal, but as the case must be reversed for the error already noticed in refusing to give instruction *No. 6.* It is proper to remark that as evidence was introduced by appellant on the trial tending to prove an indebtedness of appellee on the accounts relied on as set-offs, it would have been proper to submit that evidence to the jury, and let them determine what parts, or how much of the accounts had been proved, and not by a peremptory instruction limit the credits to the admissions in the reply.

Next. It is insisted that the plea of the statute of limitations in the reply of appellee is not good; because the statute ceased to run at the commencement of the original action, and not at the time of filing of the reply. In this case perhaps the fact as to when the limitation ceased to run would not be material. But in *Hayes vs. Goodwin, 4 Met. 80,* this court held that the set-off was substituted for a cross-action, and the cross-action is to be treated as brought simultaneously with the original action, consequently, the limitation ceased to run at that time.

For the error suggested, the judgment is *reversed,* and the cause is remanded, with directions to award a new trial, and for further proceedings consistent herewith, and appelle should be permitted to amend his reply if he should offer to do so.

*Cofer, for appellant.*